BARBARA A. GRAY *vs.* RAYMOND E. GRAY.

MARCH 9, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is a petition for an absolute divorce filed by a wife on the ground of extreme cruelty. After a hearing in the superior court the trial justice denied the petition. The case is before us solely on the petitioner's exception to such decision.

Service was made upon the respondent while he was a patient in the Veterans Administration Hospital in Brockton, Massachusetts. Prior to the hearing petitioner filed a motion for the appointment of a guardian ad litem on the ground that respondent might be non compos mentis. Thereafter a decree was entered appointing a member of the bar of this state as guardian ad litem. He filed an answer neither admitting nor denying the allegations of the petitioner and submitted the interests of respondent to the protection of the court.

The petitioner and respondent were married in Providence on August 21, 1954 after he had returned from military service. At that time she was sixteen years old and he was twenty-four. She testified that shortly after the marriage he severely beat her; that he had a very quick temper; and that he beat her several times. She further testified that in December 1954 her husband knocked her into a chair, beat her and would not let her leave the house; that after he hit her he said he was sorry; and that following this incident she left him, went to live with her mother and never went back to him. She also stated that her husband entered the Veterans Administration Hospital in April 1955 at the instance of his mother; that he remained there a year, came back to Providence and then returned to the hospital; and that still later he again came to Providence.

The petitioner's mother testified that her daughter was very nervous and that on one occasion she was badly beaten, her eyes were closed, and her nose swollen. She also stated that her son-in-law was very high tempered. The petitioner's only other witness was a friend of long standing who had heard of petitioner's difficulties but had never witnessed any assault upon her by her husband.

The court found as a fact that petitioner's health was not impaired by actions of respondent and "that the petitioner has not presented the requisite affirmative, clear and convincing evidence of acts of physical force by the respondent or a deliberate course of conduct on the part of the respondent calculated to and which did in fact impair the health of the petitioner."

The guardian ad litem was appointed approximately three months before the case was heard. In a written decision the trial justice stated, "The guardian ad litem filed an affidavit herein and when questioned by the Court indicated that he had not personally contacted the respondent up to the day of the hearing." Implicit in the appointment of a guardian ad litem is the duty to confer with the ward, if that is possible, and to ascertain his physical and mental condition if either is at all in question.

In our opinion the guardian ad litem in this case did not fully appreciate his responsibility and therefore did not render to the ward or to the court the service to which each was entitled. We are far from approving the exertion of physical force by one spouse upon the other to the injury of the latter, but when such force is improperly used the degree of the court's condemnation must be influenced to some extent by the mental condition of the assaulting spouse. In the instant case the trial justice could ascertain from the papers in the case that service of the citation had been made upon respondent while he was a patient in the Veterans Administration Hospital, but she was given no facts which would aid her in deciding whether his condition

at the time of the alleged assaults upon his wife was other than that of an ordinary normal person. Therefore we cannot say that upon the evidence before her the decision was clearly wrong.

The petitioner's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Coleman B. Zimmerman,* for petitioner.

*Norbert Fessel,* guardian ad litem, for respondent.